**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES D. CHAVEZ, ) | Case No.: 1:17-cv-01044-JLT (HC) |
| Petitioner, ) | ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION |
| v. ) | |
| ) | [30-DAY DEADLINE] |
| WARDEN, ) | |
| Respondent. ) | |

Petitioner filed a federal habeas petition challenging a disciplinary hearing. A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.  DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

1

answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In this case, Petitioner complains that he was found guilty of an RVR 115 for "manipulation of staff." (Pet. at 5.) He presents one claim: "The 115 disciplinary report is false and was based on faulty unreliable evidence." (Pet. at 5.) He states the report notes he went to suicide watch to avoid a 115 but he was genuinely feeling suicidal. He asks that the 115 be expunged from his file.

Based on these statements and the rest of the petition, the Court cannot discern a cognizable claim. Petitioner's sole claim is entirely conclusory. He fails to provide any details of the Rules

Violation Report. He directs the Court's attention to an "attached report," but no report is attached. He provides no further supporting facts, nor does he allege how the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts. He does not state how the outcome of the Rules Violation Report affects the length or duration of his sentence other than a speculative claim that it places a heavy burden on parole eligibility, which is not in itself a cognizable claim. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Petitioner thus fails to state a cognizable claim. The petition will be dismissed and Petitioner will be directed to file an amended petition curing these deficiencies if he can do so.

      C.   Failure to Exhaust State Remedies

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary

ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

In this case, it appears that Petitioner has failed to present any of his claims to the state courts. If Petitioner has not first sought relief in the state courts, the petition must be dismissed. 28 U.S.C. § 2254(b). It is possible Petitioner has exhausted his state remedies but neglected to inform the Court. He will be given an opportunity to demonstrate exhaustion in an amended petition.

### D. Amended Petition

Petitioner will be granted an opportunity to file a First Amended Petition curing the above deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

## II. ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First

4

Amended Petition.

IT IS SO ORDERED.

    Dated: **August 9, 2017**            **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE