# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ, | Case No.: 1:17-cv-01044-JLT (HC) |
| Petitioner, | ORDER DISMISSING FIRST AMENDED PETITION AND TERMINATING OUTSTANDING MOTIONS |
| v. | (Docs. 5, 8, 9) |
| WARDEN, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| | NO CERTIFICATE OF APPEALABILITY REQUIRED |

Petitioner filed a federal habeas petition in this Court on August 3, 2017, challenging a disciplinary hearing. After conducting a preliminary screening of the petition, the Court found that the petitioner failed to present any cognizable grounds for relief and failed to demonstrate exhaustion. Therefore, the Court dismissed the petition with leave to file an amended petition. On September 11, 2017, Petitioner filed a First Amended Petition. (Doc. 5.) He also filed a motion to proceed in forma pauperis and a motion to appoint counsel. The Court finds the amended petition suffers from the same deficiencies and will therefore **DISMISS** the petition.

///

1

# I. DISCUSSION

## A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;

(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In this case, Petitioner complains that he was found guilty of a CDCR-115 Rules Violation for "manipulation of staff." (Doc. 6 at 4.) He claims he was "unfairly accused and found guilty" "based purely on false evidence." (Doc. 6 at 4.) He states the report notes he went to suicide watch to avoid a 115 but he was genuinely feeling suicidal. He asks that the 115 be expunged from his file.

Based on these statements and the rest of the petition, the Court finds that Petitioner fails to state a cognizable claim. Petitioner's sole claim is entirely conclusory. He provides no supporting facts, nor does he allege how the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts. He disagrees with the guilty finding, but this is not a proper claim for relief as it is not the function of a federal habeas court to reassess and reweigh the evidence. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Essentially, he asks the Court to credit his version of the facts rather than the facts as determined by the hearing officer. This is beyond the scope of habeas review." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (Supreme Court held it is not the function of a federal habeas court "to reweigh the evidence and view it in the light most favorable to the defense.").

Moreover, Petitioner's assertion that the Rules Violation Report affects the length or duration of his sentence is completely speculative. He contends that a parole board might consider it at his next parole hearing in 2021. (Doc. 6 at 5.) He argues that disciplinary infractions pose hardships because they "can cause some to be denied several years before the next hearing." (Doc. 6 at 5.) This argument is speculative and insufficient to confer habeas jurisdiction. "Because success on [his] claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within 'the core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011). Thus, the petition must be dismissed.

C. Failure to Exhaust State Remedies

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity

to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247

4

F.3d 904, 904-5 (9th Cir. 2001).

In this case, it appears that Petitioner has failed to present any of his claims to the state courts. His failure to first seek relief in the state courts requires dismissal of the action. 28 U.S.C. § 2254(b).

## II. CERTIFICATE OF APPEALABILITY

28 U.S.C. Section 2253(c)(1) provides the following:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

In this case, the detention complained of does not arise out of process issued by a state court, since Petitioner has not yet presented his claims to any state court; nor is this a section 2255 proceeding. Thus, the plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997).

## III. ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is **DISMISSED** for failure to state a claim and for failure to exhaust state remedies;

2) The Clerk of Court is DIRECTED to terminate the outstanding motions (Docs. 8, 9);

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) No certificate of appealability is required.

IT IS SO ORDERED.

Dated: **September 13, 2017**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE